UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| CORDELL MAURICE WELLS, SR., | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2:17-cv-00056-WTL-MPB ) |
| JONATHAN STEVENS, | ) ) |
| Defendant. | ) |

**Order Granting Defendant's Motion for Summary Judgment**

Plaintiff Cordell Wells brought this civil rights action pursuant to 42 U.S.C. § 1983. He alleges that defendant Officer Jonathan Stevens violated his constitutional rights when he falsely stated that Mr. Wells spit on him resulting in charges against Mr. Wells for battery with bodily waste. What remains in this action are Mr. Wells's false arrest and malicious prosecution claims against Officer Stevens. Presently pending before the Court is Officer Stevens's motion for summary judgment. For the reasons explained below, the motion for summary judgment, Dkt. No. 52, is **granted**.

**I. Summary Judgment Legal Standard**

Summary judgment is appropriate when the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To survive a motion for summary judgment, the non-moving party must set forth specific, admissible evidence showing that there is a material issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The Court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's

favor. *Darst v. Interstate Brands Corp.*, 512 F.3d 903, 907 (7th Cir. 2008). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *O'Leary v. Accretive Health, Inc.*, 657 F.3d 625, 630 (7th Cir. 2011).

A dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris*, 550 U.S. 372, 380 (2007).

## II. Background

The following statement of facts was evaluated pursuant to the standard set forth above. That is, this statement of facts is not necessarily objectively true, but as the summary judgment standard requires, the undisputed facts and the disputed evidence are presented in the light reasonably most favorable to Mr. Wells as the non-moving party with respect to the motion for summary judgment. *See Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 150 (2000).

On October 29, 2014, Mr. Wells pleaded guilty to two separate felonies in the Vigo Superior Court and was sentenced to a total of three years of in-home detention followed by three years of formal probation. Dkt. No. 54-1. On April 17, 2015, Mr. Wells admitted that he had violated the terms of his probation, and was ordered to serve the non-probationary portion of his sentence in the Indiana Department of Correction. Dkt. No. 54-2 at 4. In February 2016, after receiving notice that Mr. Wells was eligible for the Community Transition Program, the Vigo Superior Court approved Mr. Wells's placement with Vigo County Community Corrections. Dkt. No. 54-2 at 5; Dkt. No. 54-3; Dkt. No. 54-4. His scheduled transfer date was March 1, 2016, and his earliest possible release date was April 1, 2016. Dkt. No. 54-4 at 2.

On March 10, 2016, Mr. Wells appeared at the Community Corrections facility in a highly agitated state. Dkt. No. 54-5 at 2; Dkt. No. 65-1. At some point, the employees at the facility requested assistance and Officer Stevens was one of the many officers who responded to the call. Mr. Wells was yelling and screaming incomprehensible sentences. Dkt. No. 54-5 at 2; Dkt. No. 65-1.

Twenty minutes of the interaction between the officers and Mr. Wells was recorded by body cameras worn by two of the officers. Dkt. No. 57. During the video, Mr. Wells can be seen loudly uttering bizarre phrases in a continuous diatribe. On several occasions, Officer Stevens and other officers and staff members approached Mr. Wells in an attempt to calm him. On several occasions, Mr. Wells was told that he was spitting on Officer Stevens and asked to stop spitting. About halfway through the video, Officer Stevens requested a spit mask but none was available. Near the end of the video, when paramedics arrived, they were warned by the officers that Mr. Wells had been spitting and would likely spit on the paramedics.

It is undisputed that Mr. Wells had saliva spraying from his mouth. *See* Dkt. No. 65 ("it was clear it was saliva spraying from my mouth"); Dkt. No. 65-1 ("Wells continued yelling and speaking out bizarre sentences with saliva spraying from his mouth."); Dkt. No. 67 ("It was spittle coming from my mouth because of yelling and screaming."). Mr. Wells also acknowledges that he was told that he was spitting on Officer Stevens, but "[he] didn't acknowledge that because [he] was angry and hurt and didn't think [he] was spitting on him." Dkt. No. 65. After the incident with Officer Stevens, Mr. Wells was loaded into an ambulance and transported to a hospital.

On March 15, 2016, the State of Indiana charged Mr. Wells with battery by bodily waste, resisting law enforcement, and public intoxication. Dkt. No. 54-6. On July 22, 2016, due to Mr.

Wells's continuing incarceration, the charges were dismissed. Dkt. No. 54-7. On August 8, 2016, Mr. Wells began the probationary three-year portion of his original sentence. Dkt. No. 54-8.

## III. Discussion

Officer Stevens moves for summary judgment on Mr. Wells's false arrest and malicious prosecution claims against him. He argues that he had probable cause to arrest Mr. Wells for battery by bodily waste, so the claim of false arrest must fail. Additionally, he argues that because Mr. Wells fails to identify any knowing untruths or undue influence, the claim of malicious prosecution must fail too. Finally, Officer Stevens argues he is entitled to qualified immunity.

### A. False Arrest

"Probable cause is an absolute defense to claims of wrongful or false arrest under the Fourth Amendment in section 1983 suits." *Ewell v. Toney*, 853 F.3d 911, 919 (7th Cir. 2017) (citing *Williams v. City of Chicago*, 733 F.3d 749, 756 (7th Cir. 2013)). "In other words, if an officer has probable cause to arrest a suspect, the arrest was not false." *Id.* "Probable cause exists at the time of an arrest if 'the facts and circumstances within the officer's knowledge ... are sufficient to warrant a prudent person, or one of reasonable caution, in believing ... that the suspect has committed, is committing, or is about to commit an offense.'" *Id.* (internal citations omitted). "Probable cause is gauged from the vantage point of a reasonable officer facing the same situation." *Id.* The reasonableness turns on what the officer knew at the time the decision was made, and not on whether he knew the truth, his belief was correct, or whether he should have known more. *Reynolds v. Jamison*, 488 F.3d 756, 765 (7th Cir. 2007) (citing *Gramenos v. Jewel Cos.*, 797 F.2d 432, 439 (7th Cir. 1986)); *Xing Qian v. Kautz*, 168 F.3d 949, 953 (7th Cir. 1999).

In the present case, it is undisputed that Mr. Wells was expelling saliva in such a manner that it landed on Officer Stevens. It is also undisputed that over the course of over ten minutes,

Officer Stevens repeatedly told Mr. Wells to stop spitting on him and Mr. Wells continued to spray saliva onto Officer Stevens. "Battery by bodily waste" is defined in Indiana as "a person who knowingly or intentionally . . . in a rude, insolent, or angry manner places any bodily fluid or waste on another person." Ind. Code § 35-42-2-1(c)(2). Although there may be a genuine dispute of material fact with respect to whether Mr. Wells intentionally or knowingly sprayed saliva onto Officer Stevens, the undisputed facts suffice to establish that a reasonable officer could have believed that he intentionally or knowingly in an angry manner caused saliva to land on Officer Stevens. Moreover, Mr. Wells admits that he heard Officer Stevens tell him to stop spitting, but that saliva was spraying from his mouth because he was yelling and screaming.

Because Officer Stevens had probable cause to arrest Mr. Wells for battery by bodily fluid, Mr. Wells's claim of false arrest fails as a matter of law.

### B. Malicious Prosecution

"To state a malicious prosecution claim under § 1983, a plaintiff must demonstrate that (1) he has satisfied the elements of a state law cause of action for malicious prosecution; (2) the malicious prosecution was committed by state actors; and (3) he was deprived of liberty. *Welton v. Anderson*, 770 F.3d 670, 674 (7th Cir. 2014) (citing *Reed v. City of Chicago*, 77 F.3d 1049, 1051 (7th Cir. 1996)). Under Indiana law, the elements of a malicious prosecution action are: (1) the defendant instituted or caused to be instituted an action against the plaintiff; (2) the defendant acted maliciously in so doing; (3) the defendant had no probable cause to institute the action; and (4) the original action was terminated in the plaintiff's favor." *Id.* (citing *Golden Years Homestead, Inc. v. Buckland*, 557 F.3d 457, 462 (7th Cir. 2009)). Malice may be shown "by evidence of personal animosity or inferred from a complete lack of probable cause or a failure to conduct an adequate investigation under the circumstances." *Id*.

Because the claim is for malicious prosecution against police officers, Mr. Wells must also show that "the officers committed some improper act after they arrested him without probable cause, for example, that they pressured or influenced the prosecutors to indict, made knowing misstatements to the prosecutor, testified untruthfully, or covered up exculpatory evidence." *Snodderly v. R.U.F.F. Drug Enf"t Task Force*, 239 F.3d 892, 901 (7th Cir. 2001). The additional showing is because police officers do not prosecute criminal actions. "It is conceivable that a wrongful arrest could be the first step towards a malicious prosecution. However, the chain of causation is broken by an indictment, absent an allegation of pressure or influence exerted by the police officers, or knowing misstatements made by the officers to the prosecutor." *Reed*, 77 F.3d at 1053. Where there is no evidence of undue influence or knowing untruths by a police officer, there can be no §1983 claim against the police officer for malicious prosecution. *Id.* at 1054.

As explained above, because Officer Stevens had probable cause to arrest Mr. Wells, Mr. Wells fails to meet the elements of a state malicious prosecution action, and also a federal claim of malicious prosecution.

Even if Officer Stevens did not have probable cause to make the arrest, Mr. Wells fails to show any undue influence or knowing misstatements. While Mr. Wells argues that Officer Stevens lied by saying Mr. Wells was "spitting" when Mr. Wells claims he was merely "spraying saliva," the difference does not rise to a knowing misstatement. Accordingly, Mr. Wells's claim of malicious prosecution also fails.

### C. Qualified Immunity

Officer Stevens argues that even if he lacked probable cause, he is entitled to qualified immunity. "Qualified immunity protects officers performing discretionary functions from civil liability so long as their conduct does not violate clearly established statutory or constitutional

rights that a reasonable person would know about." *Burritt v. Ditlefsen*, 807 F.3d 239, 249 (7th Cir. 2015) (internal quotation omitted). Analysis of the qualified immunity defense requires a consideration of: (1) whether the plaintiff's constitutional rights were violated and (2) whether the right was clearly established at the time. *Id.* Only arguable probable cause is necessary for qualified immunity: "[a]n officer is entitled to qualified immunity [even] if 'a reasonable officer could have mistakenly believed that probable cause existed.'" *Id.* at 250. "The fact that criminal charges are eventually dropped . . . has no consideration in the determination of arguable probable cause at the time of arrest." *Id.* at 249.

Officer Steven argues that a reasonable police officer could have believed that Mr. Wells was knowingly spitting on people, and thereby knowingly committing a battery. Even if he was mistaken or uninformed as to Mr. Wells's mental state, it was a reasonable mistake that does not deprive him of his entitlement to qualified immunity.

For the reasons explained above, however, there was no constitutional violation, *see Jackson v. Parker*, 627 F.3d 634, 635 (7th Cir. 2010); *Suarez v. Town of Ogden Dunes*, 581 F.3d 591, 595 (7th Cir. 2009), so a qualified immunity defense is not necessary. *Mucha v. Vill. of Oak Brook*, 650 F.3d 1053, 1057–58 (7th Cir. 2011).

## IV. CONCLUSION

It has been explained that "summary judgment serves as the ultimate screen to weed out truly insubstantial lawsuits prior to trial." *Crawford-El v. Britton,* 118 S. Ct. 1584, 1598 (1998). This is a vital role in the management of court dockets, in the delivery of justice to individual litigants, and in meeting society's expectations that a system of justice operate effectively. Indeed, "it is a gratuitous cruelty to parties and their witnesses to put them through the emotional ordeal

of a trial when the outcome is foreordained," and in such cases, summary judgment is appropriate. *Mason v. Continental Illinois Nat'l Bank,* 704 F.2d 361, 367 (7th Cir. 1983).

Mr. Wells has not identified a genuine issue of material fact as to his claims in this case and the defendant is entitled to judgment as a matter of law. Therefore, Defendant Officer Stevens's motion for summary judgment, Dkt. No. 52, is **GRANTED.**

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 2/28/18

*William T Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

CORDELL MAURICE WELLS, SR.
178029
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Caren L. Pollack
POLLACK LAW FIRM, P.C.
cpollack@pollacklawpc.com

Zachary J. Stock
POLLACK LAW FIRM PC
zstock@pollacklawpc.com